## Dissolution of County Health Department

HERBERT N. SHENKIN, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, September 28, 1960.—You have requested our opinion as to whether there can be a referendum in November, 1960, for the dissolution of the Butler County Department of Health, in accordance with the provisions of section 5.1 of the Local Health Administration Law (LHAL) of August 24, 1951, P. L. 1304, 16 PS §12005.1, as added by section 2 of the Act of December 16, 1959, P. L. 1847. Specifically, this question involves a determination as to whether the Butler County Department of Health has been "established" for five years as required by section 5.1.

Section 5.1. of the LHAL provides that a single-county department of health may be dissolved by a referendum conducted in accordance with subsection (c) thereof. This subsection, after providing for the form and content of the dissolution petition, states:

". . . that the said petition shall be circulated no earlier than five years following the date of establishment of said county health department . . ."

Section 3(f) of the LHAL, 16 PS §12003, defines the word "Established" as follows:

"A county department of health shall be considered to be established thirty (30) days after the county commissioners . . . have given written notice to all the cities, boroughs, incorporated towns, and town-

ships within the territorial limits of the county or counties which have created the county department of health, that the State Secretary of Health has found, in accordance with section 9 of this act, that the county department of health is ready to exercise its powers and duties."

Section 9 of the LHAL, 16 PS §12009, makes it the duty of the State Secretary of Health to determine when each county department of health is ready to exercise its powers and duties. When the secretary has found that the county department of health has satisfied certain requirements set forth in the section, he issues a certificate of his finding to the county commissioners. Within five days after the receipt of the certificate, the county commissioners must give notice of the secretary's finding to all cities, boroughs, incorporated towns and townships within the county. Section 9 then concludes as follows:

". . . Thirty (30) days after such notice has been given, the county department of health shall be considered to be established and shall begin the exercise of its powers and duties."

You have informed us that the Secretary of Health, on December 12, 1953, in accordance with section 9 of the LHAL, certified to the Butler County Commissioners that the Butler County Department of Health was ready to exercise its powers and duties. Thereafter, the commissioners gave due notice of the certification, under section 9 of the LHAL, to the various boroughs, etc., in Butler County.

It is clear therefore that the Butler County Department of Health was duly "established" under the LHAL early in 1954. As more than five years have elapsed since that time, a referendum for the dissolution of the Butler County Department of Health may legally be held at the 1960 general election pursuant to section 5.1 of the LHAL.

This conclusion is not in any way altered by certain other facts you have called to our attention. The resolution of the Butler County Department of Health, which preceded the Secretary of Health's certification on December 12, 1953, stated that the Department of Health was established as a "test unit". This fact is of no significance to our present problem. There is no provision in the LHAL for a "test unit", and the 1953 certification, which was unqualified and strictly in conformance with section 9 of the LHAL, made no reference to any "test unit". Furthermore, and what is for us the determining factor, the Butler County Department of Health has functioned continuously from the beginning; there has been no interruption in its operation from 1953 to the present time.

Nor is our conclusion affected by the fact that a referendum was conducted in 1956 as to whether the Butler County Department of Health should be retained (a large majority voted in the affirmative). This department advised you by letter of May 25, 1956, that section 5 of the LHAL permitted the creation of county departments of health by resolution or by referendum, or by a combination of these methods. We specifically stated that the prior creation of the Butler County Department of Health, by resolution of the county commissioners, was no bar to the holding of a referendum under section 5. The 1956 referendum therefore is of no significance with respect to the date of establishment of the Butler County Department of Health.

It is our opinion therefore and you are accordingly advised, that the Butler County Department of Health has been established for more than five years, and that a referendum for its dissolution, pursuant to the provisions of the Act of December 16, 1959, P. L. 1847, may legally be held in November, 1960.